### In re DUKES et al.

### In re GREENE.

(District Court, D. Delaware. December 3, 1921.)

1. **Attachment ⬅61—Debt or chose in action not attachable at common law.**
   At common law a debt or chose in action could not be attached.

2. **Attachment ⬅1—Proceedings statutory.**
   In Delaware the sole proceeding of attachment, whether on original or execution process, though having its origin in the customs of London, is regulated by statute.

3. **Attachment ⬅177—Attachment fl. fa. binds property from time laid.**
   The effect of an attachment under process of attachment fl. fa. is to bind the property of defendant so attached from the time of laying the attachment if the proceedings be perfected by judgment against the garnishee.

4. **Bankruptcy ⬅200(3)—Judgment in garnishment held "lien" within Bankruptcy Act.**
   Where a creditor obtained judgment in garnishment against a debtor of the insolvent within four months prior to the filing of the petition in bankruptcy, after obtaining a writ of attachment fl. fa. under Rev. Code Del. 1915, §§ 4124, 4127, 4145, 4388, relating to attachment and garnishment, *held*, that such garnishment proceedings gave the creditor a "lien" on the debt due by the garnishee to the insolvent within the meaning of Bankruptcy Act, § 67f (Comp. St. § 9651).

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lien.]

In Bankruptcy. In the matter of Ollie E. Dukes and another, trading under the firm name of Dukes & Melson, and Ollie E. Dukes and another, in their individual and personal capacity. Petition by Henry K. Greene to review an order of the referee directing petitioner to assign to the trustee in bankruptcy a judgment obtained by petitioner within four months prior to the filing of the petition in bankruptcy. Order affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James I. Boyce, of Wilmington, Del., for petitioner.
William S. Hilles, of Wilmington, Del., for trustee.

MORRIS, District Judge. This is a petition to review an order of the referee based upon section 67f of the Bankruptcy Act (Comp. St. § 9651) directing Henry K. Greene to assign to the trustee in bankruptcy of Ollie E. Dukes and Frankie Melson, trading as Dukes & Melson, a judgment obtained by Greene against Reading Mutual Fire Insurance Company within four months prior to the filing of the petition in bankruptcy against Dukes & Melson. The judgment in question followed a judgment obtained by Greene against Dukes & Melson for $1,000, and a writ of attachment fi. fa., containing an order for the summoning of garnishees, issued thereon. Pursuant to that order Reading Mutual Fire Insurance Company was summoned as garnishee, and, after due proceedings had, the judgment in question for a like sum was entered against the garnishee. The bankrupts were insolvent at the time the writ of attachment fi. fa. was issued (which was within the four months period), and also at the time the subsequent judgment against the garnishee was entered. Greene contends that the order of the referee was erroneous in that section 67f of the Bankruptcy Act applies only to liens, that the judgment against the garnishee is not a lien upon any of its assets, and that it is not a lien upon any property of the bankrupts. The trustee, on the other hand, contends that the attachment and subsequent judgment against the garnishee created a lien upon the debt due to the bankrupts by the garnishee, and, further, that section 67f of the Bankruptcy Act applies not only to liens, but to any advantage obtained by a creditor through legal proceedings during the four months period.

[1, 2] For the purposes of this case I shall assume that section 67f is expressly confined to liens obtained through legal proceedings; that legal proceedings not creating or resulting in liens are not affected by that section; that an advantage, not a lien, obtained by a creditor during the four months period is not affected by section 67f, even though such advantage was acquired through legal proceedings; and that the answer to the question whether a lien was obtained by Greene through the attachment fi. fa. and subsequent proceedings terminating in the judgment against the insurance company depends upon the law of the state of Delaware. In ascertaining the answer to that question, our inquiry must be directed more particularly to the effect of the attachment fi. fa. and of its service upon the garnishee than to the judgment against it. In fact, in ascertaining the existence or nonexistence of a lien, we are little concerned with that judgment save as it perfects and consummates the inchoate rights established by the service of the attachment fi. fa. upon the insurance company as garnishee. At common law a debt or chose in action could not be attached. In this state the whole proceeding of attachment, whether on original or execution process, though having its origin in the customs of London, is regulated by statute. Reynolds v. Howell, 1 Marv. (Del.) 52, 59, 31 Atl. 875; Penna. Steel Co. v. N. J. S. R. R. Co., 4 Houst. (Del.) 572, 578; Woolley on Delaware Practice, § 1149. The right of the plaintiff

to issue the attachment fi. fa. was conferred by section 4388 of the Revised Code of Delaware of 1915. That section provides:

. "The plaintiff in any judgment in a court of record * * * may cause an attachment, as well as any other execution, to be issued ,thereon, containing an order for the summoning of garnishees, to be proceeded upon and returned as in cases of foreign attachment."

Section 4145 of the Code provides that the writ of foreign attachment shall be framed, directed, executed, and returned, and like proceedings had, as in the case of a domestic attachment (subject only to an exception not here pertinent), and that every plaintiff in a foreign attachment shall have the benefit of his own discovery, and, after judgment, may proceed, by order of sale, fieri facias, capias ad satisfaciendum, or otherwise, as on other judgments. Section 4124 of the Delaware Code, dealing with a writ of domestic attachment, directs that the sheriff or other officers shall under such writ—

"attach all the defendant's property real and personal, and his rights and credits that can be found; and shall take possession of the said personal property, rights and credits, and have them inventoried and appraised, and shall be answerable therefor; but if he cannot have actual possession thereof, he shall notify the person in whose hands, or possession, they are supposed to be, that he attaches the same at the plaintiff's suit, for the use of all the defendant's creditors, and that he doth summon him, as a garnishee, to appear and answer as commanded by the writ; from and after which answer, the personal property, chattels and effects, so attached, shall be delivered to the sheriff, unless the garnishee will give security for the same."

Section 4127 provides for the entry of judgment against the garnishee upon its appearing or being found that the garnishee had any moneys, goods, chattels, or effects of the defendant in his hands or possession at the time he was notified of the attachment or at any time after and before his plea is pleaded.

[3] The effect of an attachment under process of attachment fi. fa. is to bind the property of the defendant so attached from the time of laying the attachment if the proceedings be perfected by judgment against the garnishee. Reynolds v. Howell, 1 Marv. (Del.) 52, 31 Atl. 875; Woolley on Delaware Practice, § 1165. As said by the court in Ex parte Joselyne, L. R. 8 Ch. Div. 327, 333:

"As soon as the order attaching a debt is served, all is practically done that can be done by the judgment creditor as against the judgment debtor. Of course, if the garnishee does not pay the debt to him, he can go on to obtain execution against the goods of the garnishee; but, as regards the debt itself, he can do nothing more than charge it by means of the order of attachment."

Or as expressed by Kent, C. J., in Embree and Collins v. Hanna, 5 Johns. (N. Y.) 101:

"The attachment of the debt in the hands of the defendant fixed it there in favor of the attaching creditors; the defendant could not afterwards lawfully pay it over to the plaintiff. The attaching creditors acquired a lien upon the debt, binding upon the defendant, and which the courts of all other governments, if they recognize such proceedings at all, cannot fail to regard."

True, the statement there made by the eminent Chief Justice that the attaching creditors acquired a lien was not a decision based upon the attachment statutes of the state of Delaware, but it was based upon laws

differing therefrom in no material particular so far as the present question is concerned, and, except that the nature and scope of the lien was not there defined by him, his language is substantially identical with the statement made in Parker v. Farr, 2 Browne (Pa.) 332, quoted with approval by the Court of Errors and Appeals of the state of Delaware in Reynolds v. Howell, 1 Marv. (Del.) 52, 61, 31 Atl. 875, 876. It was there said:

"A foreign attachment gives the attaching creditor a lien on a debt due by the garnishee to the defendant, so far as to restrain the garnishee from paying it over to his creditors, but no further."

The Court of Errors and Appeals, in its opinion in that case, by many statements either expressly recognized or virtually assumed that a lien exists upon the debt due to the judgment debtor after the summoning of the garnishee. One of such statements, 1 Marv. 60, 31 Atl. 876, is:

"The attachment proceedings must be perfected by judgment; otherwise the lien existing by attachment of property or summoning garnishees is dissolved."

Attachment, in Delaware, as I understand the cases decided in the state courts, and particularly Reynolds v. Howell, supra, is a proceeding to create and enforce a lien. It is a remedy for the collection of a debt by preliminary levy upon property of the debtor to conserve it for the eventual execution after the lien shall have been perfected by judgment. Waples on Attachment and Garnishment, § 1. The fact that in the form of attachment known as garnishment the debt due by the garnishee to the judgment debtor is not of such a nature as to be specifically seized by virtue of an execution issued upon the judgment against the garnishee, and the further incidental fact that the judgment creditor, in the event of nonpayment of such judgment by the garnishee, must resort to execution upon the goods and chattels of the garnishee in order to make his lien effective and obtain payment, do not, as I see it, constitute a denial that a lien is created upon the chose in action (that is, property) or debt of the judgment debtor by summoning the garnishee, or that the lien so created continues to exist after it is perfected by judgment.

[4] I am of the opinion that the garnishment proceedings instituted and perfected by Greene gave to him a lien on the debt due by the insurance company to Dukes & Melson.

Even if the lien obtained by Greene was effective only to restrain the garnishee from paying the debt over to Dukes & Melson, but no further, that fact is immaterial. The operation of section 67f is not restricted to liens of a particular nature or character. That section nullifies all liens, whatever be their character, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of the petition in bankruptcy against him, in case he is adjudged a bankrupt.

The lien of Greene, whatever its nature, is nullified by that section, save as the lien may be preserved for the benefit of the bankrupt estate. But if the lien upon the debt of Dukes & Melson, created by the

summoning of the insurance company as garnishee, be nullified, the judgment against the garnishee supported only by that lien must also fall. Frankel v. Satterfield, 9 Houst. (Del.) 201, 19 Atl. 898.

For the foregoing reasons, I am of the opinion that the order of the referee should be affirmed.