OPINION ON DEFENDANT'S MOTION TO VACATE ATTACHMENT

**BENEFICIAL CONSUMER DISCOUNT COMPANY, a Delaware Corporation, Plaintiff,**

v.

**Jesse S. CHURCH and Ruby Church, Defendants.**

Superior Court of Delaware, New Castle.

Submitted April 19, 1976.

Decided May 26, 1976.

———◆———

Abraham Hoffman, of Hoffman & Hoffman, Wilmington, for plaintiff.

Drew L. Johnson, Community Legal Aid Society, Inc., Wilmington, for defendants.

BIFFERATO, Judge.

Plaintiff filed a complaint seeking recovery of the balance due on a promissory note. Both the summons and an alias summons were returned *non est inventus* by the sheriff. Plaintiff thereafter petitioned for writs of attachment. The petition sought the issuance of a writ of foreign attachment as to defendant Jesse S. Church, who resides outside of Delaware, and a writ of domestic attachment as to defendant Ruby Church. The writs of attachment were issued by order of this Court dated August 15, 1975. Defendant Ruby Church has moved to vacate the writ of domestic attachment on the ground that the criteria set forth by 10 Del.C. § 3501 for the issuance of a writ were not met.

The sole issue presented is one of statutory construction. The statute, 10 Del.C. § 3501, provides as follows:

"§ 3501. *Domestic attachment; when writ may be issued.*

A writ of domestic attachment may be issued against an inhabitant of this State upon proof satisfactory to the court that the defendant cannot be found, or that the defendant is justly indebted to the plaintiff in a sum exceeding $50, and has absconded from his usual place of abode or is about to leave the State or has gone out of the State with intent to defraud his creditors or to elude process. (Code 1852, § 2264; Code 1915, § 4118; Code 1935, § 4606; 10 Del.C. 1953, § 3501; 52 Del.Laws, c. 341.)"

The proof required by this statute may be supplied to the Court by "affidavit of plaintiff or some other credible person setting forth the facts required." Super.Ct. Civ.R. 4(b)(1). The affidavit of the instant plaintiff states that service upon the moving defendant was returned *non est inventus,* and that the defendant is believed

to still be residing at her Delaware address but that she cannot be found. Defendant contends that this affidavit fails to set forth the facts required for the issuance of a writ under § 3501.

■ Under the construction of § 3501 which is urged by defendant, it would not be sufficient for plaintiff to state that defendant cannot be found; in addition, plaintiff would have to state that defendant has absconded from her usual place of abode, or is about to leave the State, or has gone out of the State with the intent to defraud creditors or to elude process. While this is a possible interpretation of § 3501, it is not, in the Court's opinion, the correct one. In § 3501, there is a logical breaking point after "cannot be found." The conjunctive phrase beginning with "and has absconded" does not apply to both the situation in which the defendant cannot be found and the situation in which the defendant is justly indebted to the plaintiff in a sum exceeding $50, but only to the latter. The fact that the defendant cannot be found is sufficient in itself for the issuance of a writ of domestic attachment.

This construction of § 3501 is supported by a reading of the prior version of the section, which made it clear that proof that the defendant could not be found was sufficient in itself for the issuance of a writ. See 10 Del.C.1953, § 3501. The 1960 amendment which produced the current version of § 3501 changed the language of the statute only in form, and not in substance.

■ Defendant has also moved to vacate the writ of domestic attachment on the ground that such an attachment is an unconstitutional violation of due process.

Defendant relies upon *Bay State Horse R. & B. Ass'n v. PPG Industries, Inc.,* D. Mass., 365 F.Supp. 1299 (1973), which struck down a state statute allowing for the pre-judgment attachment of a defendant's real property "in any action in which debt or damages are recoverable, . . . as security to satisfy such judgment as the plaintiff may recover." The Delaware Domestic Attachment Statute is clearly distinguishable from the statute condemned in *Bay State;* it is also distinguishable from the statutes condemned by the U. S. Supreme Court in *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). As was pointed out by Judge Walsh of this Court in *Hibou, Inc. v. Ramsing,* Del.Super., 324 A.2d 777 (1974), which upheld the constitutionality of the Delaware Foreign Attachment Statute, the Supreme Court in *Sniadach* was careful to distinguish the statute there under review "from other types of attachments which enable a State Court to secure jurisdiction—'clearly a most basic and important public interest.'" 324 A.2d at 780. The Delaware Domestic Attachment Statute, as the Foreign Attachment Statute, has as its purpose the enabling of the Court to secure jurisdiction. For the reasons stated in *Hibou, Inc. v. Ramsing,* supra, the Domestic Attachment Statute, as its Foreign Attachment counterpart, is consistent with established standards of procedural due process.

In accordance with the reasoning herein, defendant's motion to vacate the writ of domestic attachment is DENIED.

IT IS SO ORDERED.