In re Theodore F. ANDREWS, Jr., Helen Marie Andrews, Debtors.

PENCO CORPORATION, a corporation of the State of Delaware, Plaintiff,

v.

Theodore F. ANDREWS, Jr., Helen Marie Andrews, Defendants.

Bankruptcy No. 81–479.
Adv. No. 82–49.

United States Bankruptcy Court, D. Delaware.

Aug. 17, 1982.

---

John A. Sergovic, Jr., Georgetown, Del., for plaintiff.

Rodney Don Sweet, Seaford, Del., for defendants.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Theodore and Helen Andrews (the "Andrews") filed a voluntary petition in bankruptcy on October 28, 1981. In the schedules attached to their petition, Penco Corporation ("Penco") is listed as an unsecured creditor. Penco's proof of claim filed December 11 in the amount of $9,177.62 alleges that it is secured by three promissory notes executed by the Andrews entered in the Superior Court of Sussex County, Delaware.

At the time of filing their petition the Andrews had an interest in a one-story ranch home, Rt. 2, Box 328A, Seaford, and the Farmers Home Administration held a mortgage on that property. The Andrews claimed their equity in the residential real estate as exempt property and valued it at $7,148, the difference between the balance due on the mortgage and their valuation of the property. No objections were filed to the claimed exemptions within the time stated in the "341 meeting notice order" so the property claimed as exempt became exempt on December 28. 11 U.S.C. § 522(*l*) The Andrews were granted a discharge on February 11, 1982. The Trustee gave notice of his intention to abandon the real estate as property of the bankruptcy estate and the abandonment became effective March 1, 1982.

On March 23, Penco proceeded against the Andrews' residential real estate by executing on the judgments entered in Sussex County in 1977, 1978 and 1979. The Andrews defended, claiming that Penco's liens against the real estate were discharged by this court's discharge order. The Superior Court stayed its proceedings pending resolution of the underlying bankruptcy law issues.

Penco then filed in this court a complaint asking for relief from the automatic stay, a declaration that it is a secured creditor in accordance with its proof of claim and that its liens against Andrews' real estate were not discharged. The Andrews counterclaimed for avoidance of Penco's liens under 11 U.S.C. § 522(f)(1).

The stay automatically imposed by the filing of Andrews' bankruptcy petition was no longer in effect when Penco executed on the three judgments. When the Trustee's abandonment of the real estate became effective March 1, the stay of any act against it prohibited under 11 U.S.C. § 362(a) was removed because the real estate was no longer property of the bankruptcy estate. The stay of any other act prohibited under § 362(a) was dissolved when the Andrews were granted a discharge. 11 U.S.C. § 362(c) Consequently, the stay aspect of this litigation was moot at the time Penco filed this action.

A discharge order does not discharge valid liens. It accomplishes three things. First, it releases a debtor from all debts that arose before the date of the order for relief (the same date as the filing date of a voluntary Chapter 7 petition) except those debts which are non-dischargeable by virtue of § 523. 11 U.S.C. § 727(b) Second, it voids any judgment obtained at any time with respect to any debt discharged to the extent that the judgment is a determination of the *personal* liability of the debtor and, third, it operates as an injunction against any act to collect any discharged debt as a *personal* liability of the debtor or from property acquired by the debtor after the commencement of his bankruptcy case.

11 U.S.C. § 524 (emphasis supplied) A creditor is not prevented by this injunction from enforcing a valid lien on property of the debtor existing at the time of the entry of the order for relief. Property exempted from the estate is not considered as property acquired after the entry of the order for relief. Section 522(c)(2) of Title 11 adopted the long-standing rule of *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) that the security of a creditor is preserved despite debtor's claim of exemptions. H.R.Rep.No.595, 95th Cong., 1st Sess. 361 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. 3 *Collier on Bankruptcy* (15th ed.) § 524.01 p. 524–14.

Under Delaware law, the entry of judgment creates a lien against real estate. 1 *Woolley on Delaware Practice,* Judgments, § 807, p. 564. Penco's filing of a proof of claim was not necessary to preserve its status as a secured creditor if in fact it held valid pre-bankruptcy liens. There is no mandate that a creditor must file a proof of claim. Filing of a claim is a prerequisite to ultimately sharing in a liquidation case in the distribution of a debtor's assets and it is automatically allowed for this purpose under 11 U.S.C. § 502(a) if no objections are filed. No objections were filed and the proof of claim is *prima facie* evidence of the validity and amount of the claim but that is not relevant here.

Section 522(f)(1) allows a debtor to avoid a judicial lien to the extent that the lien impairs an exemption to which he would have been entitled under § 522(b). This provision is permissive, not automatic. The Code and Interim Rules are silent as to procedure. Section 405(d) of the Bankruptcy Reform Act provides that the bankruptcy rules in effect on September 30, 1979 apply to Code cases to the extent they are not inconsistent with the Code. Bankruptcy Rule 701(3) requires the institution of an adversary proceeding to determine the validity, priority or extent of a lien or any other interest in property. This requires the filing of a complaint by a debtor seeking to avoid a judicial lien. *In re Adkins,* 7 B.R. 325 (Bkrtcy.S.D. CA 1980).

The Andrews did not take any action to attack the validity of the lien until trial when they attempted to put into evidence testimony of circumstances concerning the execution of the notes. This was in contradiction to the admitted pleadings. They did put in issue the question of whether they are now entitled to relief under 11 U.S.C. § 522(f)(1). Penco asserts alternatively that they are not because its liens are "security interests" or "statutory liens" and not avoidable under § 522(f) or that, if avoidable, the application of § 522(f) to pre-Code liens is unconstitutional.

The issues of applicability of § 522(f) to promissory notes and that section's constitutionality have been laid to rest in this District. The Court of Appeals in *In Re Ashe,* 669 F.2d 105, (3rd Cir. 1982) held that a lien obtained by confessed judgment is a judicial lien avoidable under § 522(f)(1) and not a security interest nor a statutory lien. See 11 U.S.C. §§ 101(27) and (28); (37), (38). The court also held that the applicability of § 522(f)(1) retroactively to avoid judicial liens entered before the effective date of the Bankruptcy Reform Act (October 1, 1979) is not unconstitutional.

The third, but unaddressed, issue is whether debtor's claim for relief is timely. Again the Code and Interim Rules are silent but an examination of other Code sections and the Bankruptcy Rules suggest an answer. If a creditor in this District wishes to file a complaint objecting to discharge under § 727 or a complaint to determine whether the debt due him is non-dischargeable under § 523(a)(2), (4) or (6), he must act within the time limits set forth in the "341 meeting notice order", that is, within 30 days of the 341 meeting on the dischargeability issue and within 60 days as to whether the debtor should be granted a discharge. BR 409(a)(2) and BR 404(a) Bankruptcy Rule 404(d) requires that upon the expiration of the time for filing a complaint objecting to discharge, the court shall forthwith enter a discharge. The discharge order is entered within two or three days after the expiration of the 60-day period.

**626**

Section 524(c) provides that if a debtor wishes to retain property covered by a lien, he must negotiate with that creditor for a reaffirmation of that debt before the date of the discharge. A later reaffirmation has no legal effect. Clearly, a debtor seeking to avoid liens should also be required to take action before the discharge order is entered.

As the court in *In Re Adkins, supra,* so aptly put it:

" * * * there must be some finality to a bankruptcy proceeding. It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action and then decide what he wants to do.

If the debtor has not made a timely claim of exemption or timely filed a complaint to avoid a lien, then he should be barred from doing so. If a creditor must timely act to protect his rights, there is no reason not to demand the same of a debtor, particularly when the rights asserted are for the debtor's benefit."

To summarize, Penco's action in Superior Court against the Andrews' real estate was not in violation of the automatic stay provisions of the Code nor of the permanent injunction in the discharge order. Because of the Andrews' failure to act timely to avoid Penco's judicial liens, the liens have survived the bankruptcy proceeding and the Andrews' interest in their real estate claimed as exempt property is still subject to Penco's liens. Andrews' personal obligation on the underlying debt due Penco is discharged. If Penco's collateral is not sufficient to satisfy that debt, the Andrews are not personally liable and Penco cannot collect any deficiency from either of them individually or from any of their property.