No. 82-260

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

DAVID REICHERT and IRENE REICHERT,
individually and d/b/a THE ECHO INN,

Plaintiff and Appellant,

vs.

RAWLEY C. KOCH, d/b/a SPEAR MEAT CO.,

Defendant and Respondent.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Elmer J. Dolve argued, Billings, Montana

For Respondent:

Harold F. Hanser, County Attorney, Billings, Montana
Paul M. Warren argued, Billings, Montana
Frank D. Meglen, Assistant U.S. Attorney, Billings,
Montana
Laura A. Mitchell, Billings, Montana
Harold F. Hanser, County Attorney, Billings, Montana
Sidney R. Thomas, Billings, Montana

Submitted: November 10, 1982

Decided: January 6, 1983

Filed: JAN 6 1983

_Thomas J. Keassey_ Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appeal is taken from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, allowing execution against homestead property of bankrupt parties. We affirm the order of the District Court.

On September 16, 1980, respondent Rawley Koch obtained and docketed in Yellowstone County a final judgment against the appellants, David and Irene Reichert, husband and wife. The judgment was in the amount of $26,163.54. On May 13, 1981, appellants filed in Yellowstone County a joint declaration of homestead covering their residence at 532 Milton Lane, Billings. On August 6, 1981, appellants filed a joint Chapter 7 bankruptcy petition in the Billings Division of the United States Bankruptcy Court. On December 14, 1981, appellants obtained a personal discharge from the Bankruptcy Court. On January 7, 1982, respondent Koch sought and had issued a writ of execution and notice of sale and levy upon the appellants' residence at 532 Milton Lane. A sheriff's sale was set for February 3, 1982. On January 11, 1982, appellants filed suit against respondent in the Thirteenth Judicial District. The suit alleged that respondent's judgment had been voided by the discharge in bankruptcy, and sought damages for "wrongful and malicious execution." Also on January 11, 1982, appellants filed an action seeking an injunction against the sheriff to prevent the sale of their residence. The sheriff's sale was cancelled and the suits were consolidated.

On January 28, 1982, respondent moved to dismiss and sought a declaratory judgment establishing the validity of his lien and the priority and status of the interests of himself, the Reicherts, the I.R.S., Yellowstone County, Security Bank, and the bankruptcy trustee. Numerous motions

to dismiss were filed and a hearing on them had on March 29, 1982. On May 19, 1982, the District Court issued an order which: (1) dismissed appellants' suit for malicious execution, (2) dismissed appellants' suit against the sheriff and dissolved the preliminary injunction, (3) dismissed respondent's complaint for declaratory judgment, (4) acknowledged the existence of appellants' Montana homestead exemption, and (5) ordered respondent to proceed with enforcement of his lien after he had complied with section 70-32-203, MCA.

Reicherts appealed, and raise the following issues:

1. Does a discharge in bankruptcy void a pre-existing judgment lien against the debtors?

2. If a judgment lien survives the debtors' discharge in bankruptcy, is section 70-32-203, MCA, the proper procedure for enforcement?

3. Was it error for the District Court to dismiss appellants' complaint which alleged "wrongful and malicious execution?"

Appellants rely in large part upon the language of 11 U.S.C. §524 to support their position that the judgment lien is void. That section provides in part that a discharge in bankruptcy:

> "(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;

> "(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived . . ."

It appears that, on its face, §524 would preclude a post-discharge execution on a judgment lien. However, examination of other sections of the Bankruptcy Reform Act of 1978 leads

us to a contrary conclusion.

Although §524 provides that discharge voids judgments to the extent that they are determinations of the personal liability of debtors, it is silent on the question of the effect of discharge upon liens which arose out of those judgments. The question of the survivability of a judgment lien was discussed in In re Sillani (S.D.Fla. 1981), 9 Bankr. 188,189:

> "It is the debtor's position that be-
> cause the judgment lien secured a personal
> liability . . . the enforcement of that
> lien is discharged by the provisions of
> §524(a)(1) . . .
>
> "This is a common source of confusion.
> The quoted provision merely voids judg-
> ments to the extent they are unsecured.
> The judgment creditor cannot seek any
> recovery on his judgment other than that
> obtainable against his security. Liens
> pass through the bankruptcy case unaffect-
> ed unless a party in interest requests the
> court to determine and allow or disallow
> the claims secured by the lien under §502
> and the claim is not allowed. §506(d);
> Collier on Bankruptcy (15th ed.) ¶506.03
> at pages 506-6 and 12."

If Koch had not docketed his judgment in Yellowstone County in accordance with section 25-9-301, MCA, appellants' position would be persuasive. However, the docketing of the judgment created a judicial lien against the Reicherts' real property in Yellowstone County. That real property was also the property which the Reicherts subsequently claimed as their homestead. A homestead is exempt property. Bankruptcy disposition of judicial liens upon exempt property is governed by 11 U.S.C. §522.

Section 522(f) provides in part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is --(1) a judicial lien." That avoidance is not automatic. In order to avoid a lien, the debtor must affirm-atively seek the Bankruptcy Court's review. In re Burkholder

-4-

(E.D.Pa. 1981) 11 Bankr. 346, 348, In re Adkins (S.D.Cal. 1980), 7 Bankr. 325, 326. This conclusion is in keeping with the treatment of non-judicial liens provided for in 11 U.S.C. §506(d): "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless --(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title."

> "Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." H.R. Rep. No. 595, 95th Cong., 1st Sess. 357 (1977).

Only personal liability is discharged; liens not avoided by the bankruptcy code may be enforced notwithstanding discharge of the debtor. 3 Collier on Bankruptcy ¶524.01 (15th ed. 1979).

> "A discharge order does not discharge valid liens. It accomplishes three things. First, it releases a debtor from all debts that arose before the date of the order for relief (the same date as the filing date of a voluntary Chapter 7 petition) except those debts which are nondischargeable by virtue of §523, 11 U.S.C. §727(b). Second, it voids any judgment obtained at any time with respect to any debt discharged to the extent that the judgment is a determination of the personal liability of the debtor and, third, it operates as an injunction against any act to collect any discharged debt as a personal liability of the debtor or from property acquired by the debtor after the commencement of his bankruptcy case. 11 U.S.C. §524 (emphasis supplied). A creditor is not prevented by this injunction from enforcing a valid lien on property of the debtor existing at the time of the entry of the order for relief. Property exempted from the estate is not considered as property acquired after the entry of the order for relief. Section 522(c)(2) of Title 11 adopted the long-standing rule of Long v. Bullard, 117 U.S. 617 (1886) that the security of a creditor is preserved despite debtor's claim of exemptions."
> In re Andrews (D.Del. 1982), 9 Bankr. Ct. Dec. (CRR) 589,590.

The Reicherts did not seek avoidance of Koch's judicial lien in Bankruptcy Court. We hold that the lien survived the Reicherts' discharge in bankruptcy.

Appellants next contend that there is no procedure for enforcement of a judgment lien against homestead property. This contention is without merit. The procedure for execution on a judgment lien upon homestead property is clearly set forth at section 70-32-203, et seq., MCA.

Finally, we hold that respondent's attempted execution was soundly based upon the applicable law and was not an abuse of process.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Hon. John S. Henson
District Judge, sitting in place
of Mr. Justice John C. Sheehy