**In the Matter of Daniel A. SAVIDGE, Debtor.**

**Bankruptcy No. 84–316.**

United States Bankruptcy Court, D. Delaware.

April 25, 1985.

Bayard, Handelman & Murdoch by Jeffrey M. Weiner, Wilmington, Del., for Associates.

Saul, Ewing, Remick & Saul by Wayne B. Weisman, Wilmington, Del., for ITT.

HELEN S. BALICK, Bankruptcy Judge.

ITT has filed a proof of claim in the amount of $29,902.43 in the Chapter 7 case of Daniel A. Savidge. It claims a secured status by virtue of a domestic attachment against Savidge's real property located at 3212 Sapphire Court, Wilmington, Delaware. Associates, a subsequent judgment creditor of Savidge, has objected to ITT's claim of secured status.

The State Court action, out of which the attachment issued, was filed by ITT against Commercial Transportation Systems, Inc. and Daniel A. Savidge on August 3, 1983. In accordance with that Court's order, the Sheriff levied on Savidge's interest in the real estate on September 8, 1983. On September 28, Savidge and Commercial Transportation filed an Answer in the Superior Court in which Savidge denied personal liability to ITT. Savidge filed his bankruptcy petition on September 10, 1984. As of that date, ITT had not recovered a judgment against Savidge.

We must look first to Delaware law, Section 3501, Title 10 of the *Delaware Code*. In interpreting that Section, the Court *In re Dukes*, 276 F. 724 (D.Del.1921), held that a domestic attachment is a proceeding to create and enforce a lien. It's a remedy for the collection of a debt by preliminary levy upon property of the debtor to conserve it for the eventual execution after the lien shall have been perfected by judgment. If the proceedings are perfected by a judgment, the effect of an attachment is to bind the property attached from the time of the attachment. 2 *Wooley on Delaware Practice*, § 1256, p. 857. If bankruptcy had not intervened and if resolution of the State Court action was favorable to ITT, it would have had upon the entry of a judgment a lien against Savidge's real estate relating back to the date of the attachment.

However, bankruptcy intervened. It is the filing date of the petition which determines not only the amount of the claim but also its nature. On that date, ITT was asserting a disputed claim of the kind dischargeable in a bankruptcy proceeding. The attachment, granted because the Sheriff had not been able to serve Savidge personally, created a lien which could be perfected only if a judgment was obtained. ITT did not have a judgment at the time of the bankruptcy filing, and, thereafter, was prevented from proceeding to judgment.

The documents attached to its proof of claim are, at the most, *prima facie* evidence of an unsecured claim which entitles that Claimant to share in any distribution of estate assets, but the obligation is dischargeable in the bankruptcy case, unless it falls within the Section 523(a) exceptions to discharge.

Consequently, Associates' objection to ITT's secured status is SUSTAINED.