**In re Daniel A. SAVIDGE, Debtor.**

**Bankruptcy No. 85–334–JRR.**

United States District Court,
D. Delaware.

Jan. 31, 1986.

Jeffrey M. Weiner, of Bayard, Handelman & Murdoch, Wilmington, Del., for appellee, Associates Commercial Corp.

Jeffrey M. Goddess, of Saul, Ewing, Remick & Saul, Wilmington, Del., for appellant, ITT Indus. Credit.

OPINION

ROTH, District Judge.

This is an appeal from a decision of the Bankruptcy Court which sustained an objection by Associates Commercial Corporation ("Associates") to the claimed status of appellant ITT Industrial Credit Company ("ITT") as a secured creditor of debtor Daniel A. Savidge ("Savidge"). *Matter of Daniel Savidge*, 49 B.R. 429 (Bankr., D.Del., 1985).

The facts relevant to the appeal commence on August 3, 1983, when ITT instituted an action against Savidge and Commercial Transportation Systems, Inc. ("CT") in the Superior Court of the State of Delaware. ITT claimed in this action that CT and Savidge were both in default of

installment notes payable to ITT. ITT further claimed that CT and Savidge had each unconditionally guaranteed payment to ITT of the other's note.

The Sheriff of New Castle County was unable to serve Savidge personally with ITT's complaint. Therefore, in order to compel defendant Savidge's appearance, ITT on August 29, 1983, pursuant to 10 *Del.C.* § 3501,[1] moved in Superior Court for a writ of domestic attachment against the interest of Savidge in real estate located at 3212 Sapphire Drive. The motion was granted that same day and on September 8, 1983, the Sheriff levied on Savidge's interest in the real estate. On September 28, 1983, Savidge and CT filed an Answer in the Superior Court in which Savidge denied personal liability to ITT.

A year later, on September 10, 1984, Savidge filed a voluntary Petition for Bankruptcy.[2] As of that date, ITT had not recovered judgment against Savidge in the Superior Court action. On October 4, 1984, ITT filed a proof of claim in the amount of $29,902.43 in the Savidge bankruptcy case. ITT asserted secured status for this amount as a result of the domestic attachment. Savidge received a discharge by order of the Bankruptcy Court on January 4, 1985. The real estate at 3212 Sapphire Drive remained in the bankruptcy estate.

After September 8, 1983, when the Sheriff had levied on Savidge's real estate by the writ of domestic attachment, Associates obtained a judgment lien against Savidge. On March 6, 1985, Associates, as a secured creditor, objected to the secured status of ITT's claim. The Bankruptcy Court sustained the objection and ITT instituted the present appeal.

■ In reviewing the decision of the Bankruptcy Court in this case, it is not necessary to address findings of fact because there is no dispute concerning material issues of fact. The role of the district court is then to make an independent determination on the legal issues. *Prudential Insurance Co. of America v. Colony Square*, 29 B.R. 432 (W.D.Pa., 1983). The specific legal issue presented here is whether domestic attachment, unperfected by judgment before the filing of a bankruptcy petition, is a sufficient lien to create secured status for the creditor making that attachment. We agree with the Bankruptcy Court that it is not and affirm its decision.

In order to illustrate the reasons for which we affirm, it is helpful first to spell out the arguments made by appellant. Appellant ITT contends that a creditor, who obtains a valid domestic attachment against real property of a debtor, has a lien against that property which survives the filing of a bankruptcy petition by the debtor. ITT argues that it can perfect its lien after termination of the automatic stay[3] or abandonment of the property[4] by proceeding to judgment in the Superior Court action. ITT cites the rule, recognized in Delaware, that a lien by domestic attachment, once it has been perfected by judgment, goes back and holds the property as of the date of the attachment. 2 *Woolley on Delaware Practice* § 1256. ITT then reasons that, although it cannot collect its debt as a personal liability of Savidge, it can still proceed after his discharge to try to obtain judgment in the Superior Court action and, if successful, enforce against the real estate its lien, originated by domestic attachment and now perfected by judgment and relating back to September 8, 1983, the date of the attachment.

---

1. § 3501 *Domestic attachment; when writ may be issued.*

   A writ of domestic attachment may be issued against an inhabitant of this State upon proof satisfactory to the court that the defendant cannot be found, or that the defendant is justly indebted to the plaintiff in a sum exceeding $50, and has absconded from his usual place of abode or is about to leave the State or has gone out of the State with intent to defraud his creditors or to elude process.

2. CT had filed for bankruptcy in the District of Delaware in 1983.

3. 11 U.S.C. § 362.

4. 11 U.S.C. § 554.

ITT relies on Section 546(b)[5] of the Bankruptcy Code to permit perfection of its lien after Savidge's filing for bankruptcy. We do not agree. Section 3501, the Domestic Attachment Statute, is intended to enable the Court to secure jurisdiction. *Beneficial Consumer Discount Co. v. Church*, Del.Super., 359 A.2d 185 (1976). We hold that this type of unperfected lien, created by ITT's writ of domestic attachment in order to compel the appearance of the defendant and wholly dependent upon the subsequent recovery of a judgment on the attachment process, is not the type of "interest in property" which can be perfected under Section 546(b) after the debtor files for bankruptcy.

ITT does not claim that its disputed claim would have survived bankruptcy if Savidge had been served personally. It contends, however, that because by chance Savidge could not be found by the Sheriff but had to be brought into the Superior Court action by a writ of domestic attachment, ITT should acquire the status of a secured creditor. ITT claims this status even though litigation would still be necessary after the filing of bankruptcy to establish whether or not Savidge was, in fact, liable to ITT and, if so, in what amount.

■ The fact that ITT would have had a lien dating back to the date of the attachment, if it had obtained a judgment against Savidge before he filed for bankruptcy, does not create secured status for ITT when, in fact, Savidge filed for bankruptcy prior to ITT's lien being perfected by a judgment. A lien, created by a domestic attachment, is conditional upon the subsequent recovery of a judgment. If judgment cannot be obtained, then the conditional lien is dissolved. 2 *Woolley on Delaware Practice* § 1256.

ITT was prevented by the automatic stay provisions of Section 362 from proceeding to judgment in the Superior Court action against Savidge personally after he filed for bankruptcy. When Savidge filed, ITT's claim was a disputed one of the kind dischargeable in bankruptcy. As the Bankruptcy Court held, the date of Savidge's filing for bankruptcy determined the nature of ITT's claim against him. Savidge's personal obligation to ITT was dischargeable in bankruptcy and could no longer be recovered by judgment. Similarly, ITT's lien against his property could no longer be perfected by judgment against Savidge. It must be held then to have dissolved. 2 *Woolley on Delaware Practice* § 1256.

ITT cites the case of *In re Andrews*, 22 B.R. 623 (Del., 1982) for the proposition that a discharge in bankruptcy does not discharge valid liens. ITT argues that *Andrews* is authority to support ITT's contention that it is a secured creditor possessing a lien that will survive the discharge. We do not agree.

In the *Andrews* case, the debtor's residence was exempted from the bankruptcy estate. After the exemption, creditor Penco attempted to execute on pre-bankruptcy judgment liens it held on the residence. The Bankruptcy Court held that Penco's action did not violate the automatic stay provisions of the Code or the permanent injunction of the discharge order because Penco held valid pre-bankruptcy judgment liens against the residential property. The *Andrews* case differs from the present one in that ITT had not obtained judgments against Savidge at the time Savidge filed for bankruptcy. We cannot equate a judgment, duly entered in the Superior Court, with a domestic attachment, conditional on a judgment which has not been entered.

**5.** § 546 *Limitations on avoiding powers....*
(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

Finally, ITT contends that Associates does not have standing to avoid ITT's lien on Savidge's property. We do not find this issue raised in ITT's brief before the Bankruptcy Court in opposition to Associates' objection to ITT's status as a secured creditor; nor is this issue specifically raised in the Notice of Appeal. We will nevertheless deal with it briefly.

The Bankruptcy Code provides that:

A claim or interest ... is deemed allowed, unless a party in interest ... objects. 11 U.S.C. § 502(a).

Is a creditor a "party in interest"? In theory, certainly, one should be.

[T]he right of a creditor to object to the allowance of another creditor's claim should be undisputed on principle.

3 *Collier on Bankruptcy*, 15th Ed., § 502.-01[2], p. 502–13. However, when a trustee has been elected and qualified, most jurisdictions have adopted the rule that no general creditor has standing to contest another general creditor's claim. The needs of orderly administration of the bankrupt's estate mandate that objections be voiced by general creditors through the trustee, unless the trustee, upon application, refuses to object. *In re Meade Land & Development Co., Inc.*, 1 B.R. 279 (Bankr., E.D.Pa., 1979).[6]

█ Associates, the objector here, is not, however, a general creditor. It is a secured creditor. The rule that general creditors should object through the trustee does not apply to secured creditors whose security interests are directly at stake. *Henry Ansbacher Co. v. Klebanow*, 362 F.2d 569 (2d. Cir., 1966). *In re Parker Montana Co.*, 47 B.R. 419 (D.Mont., 1985). Associates' position as a secured creditor was directly affected by ITT's claim also to be a secured creditor. We hold, therefore, that Associates was a proper party to object to ITT's claim of secured status.

**6.** In *In re Meade Land & Development Co., Inc.,* the Bankruptcy Court permitted an objection by an unsecured creditor, who had not requested the trustee to act on his behalf, because of the

extent of the time, money and effort already expended by the parties on the issue of the objection.