In the Matter of Carlos J. SEIJO
CUSTODIO, Debtor.

Benjamin LARACUENTE BATISTA and
Rebeca Sanchez Oquendo,
Plaintiff/Movant,

v.

Robert J. GRISWOLD, Trustee,
Defendant/Respondent.

Bankruptcy No. B–86–00080(ESL).

United States Bankruptcy Court,
D. Puerto Rico.

Jan. 14, 1987.

Irving K. Hernández, Río Piedras, P.R., for debtor/defendant/respondent.

Juan H. Soto Solá, Hato Rey, P.R., for plaintiff/movant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On January 22, 1986, the debtor herein filed a petition under Chapter 13 of Title 11, United States Code, hereinafter referred to "U.S.C.". In said petition the debtor included among his creditors Mr. Benjamin Laracuente as an unsecured cred-itor in the amount of approximately $15,-000.00.

On February 18, 1986, creditors Benjamin Laracuente Batista and his wife Rebeca Sanchez Oquendo, hereinafter referred to as "creditors Laracuente", filed a Proof of Claim in the amount of $10,666.00, as secured creditors. On March 6, 1986, the above creditors filed a Motion in Support of Claim, and a Memorandum of Law. On November 25, 1986, a hearing on confirmation of plan was held.

Meanwhile, on August 20, 1986, creditors Laracuente filed a Motion Requesting Lift of Stay Under Section 362(d)(1), (2), (Index "C"). Debtor opposed the lifting of stay, inasmuch as creditors Laracuente were included in the original petition as unsecured creditors, and they will be paid in full through the Chapter 13 proposed payment plan. On October 7, 1986, a hearing on the motion under section 362(d)(1), (2) was held. The Court gave the parties until October 20, 1986 to file Memorandums of Law; which they did accordingly.

The issue in the present case is clear, and straight forward: whether or not the claim filed by creditors Laracuente is a secured claim pursuant to 11 U.S.C. § 506. In order to properly address the issue, we must determine what type of lien, if any, creditors Laracuente have in debtor's estate.

The parties have agreed to the following facts: (1) that debtor owe creditors Laracuente a certain amount of money; (2) that a civil action was filed before the state courts for collection of said amount (Civil case number 85–2536(807), Superior Court of Puerto Rico, San Juan Part); (3) that pursuant to the Local Rules of Civil Procedure, a cautionary notice was noted on May 29, 1985 on debtor's property in the Property Registry with the sole purpose of securing a judgment; (4) that judgment has not been entered yet by the state court; and, (5) that pursuant 11 U.S.C. § 362(a)(1) said state court action is presently stayed.

The courts have held that,

"[A] lien, created by a domestic attachment, is conditional upon the subsequent recovery of a judgment. If judgment

**12**

cannot be obtained, then the conditional lien is dissolved".

*In re Savidge,* 57 B.R. 389, 391 (D.Del. 1986).

A secured creditor is a creditor holding a valid and perfected lien on collateral or property of the estate. 11 U.S.C. § 506. The Bankruptcy Code provides for three types of liens: security interest or consensual liens (11 U.S.C. § 101(43)), statutory liens (11 U.S.C. § 101(45)), and judicial liens (11 U.S.C. § 101(30)). By definition, the lien involved in this case, would be a judicial lien.

The issue is whether a cautionary notice noted in the Property Registry indeed constitutes or creates a judicial lien.

A judicial lien has been defined as:

"[A] lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding".[1]

"The definition of 'judicial lien' has been interpreted to include liens created by 'voluntary' judicial process, as well as by 'involuntary' judicial process, such as by the filing of a promissory note and the subsequent confession of judgment on the note".[2]

*See* also, *In re Natale,* 5 B.R. 454 (1980, BC ED Pa); *In re Savidge,* 57 B.R. 389 (D.Del.1986).

Pursuant to the aforecited definition a cautionary notice is not a judicial lien because a judgment has not been obtained. Consequently, the lien has not been perfected.

The relevant statutory provisions governing attachments to secure judgment (Sections 2401 *et seq.,* Title 30, Laws of Puerto Rico Annotated, hereinafter referred to as "L.P.R.A."), state as follows:

"30 L.P.R.A. § 2401:

The following may request that cautionary notices on their respective rights be entered in the Registry:

1st....

2nd....

3rd. A person, who in a suit demands payment of any kind of obligation and lawfully obtains a resolution ordering the attachment or an injunction against the alienation of real property".

"30 L.P.R.A. § 2412:

A cautionary notice may be converted into an appropriate registration or entry when the person in whose favor it is established acquires the right noted or proceeds to confirm the respective entry lawfully, if indicated. This change shall be made as provided by Regulations".

The Supreme Court of Puerto Rico in *Correa Sanchez v. Registrar,* 113 D.P.R. 581, 588–589 (1982) held that a cautionary notice made under 30 L.P.R.A. § 2401 is a *pro tempore* protection subject to the final results of the suit.

Wherefore, creditors Laracuente do not hold a "valid and perfected lien" on debtor's property because a judgment has not been obtained to create a secured status on their claim. They are but unsecured creditors pursuant the provisions of the Bankruptcy Code (11 U.S.C. §§ 502 and 506), and may only be allowed to recover their claim as such.

Parties and trustee are to be notified of this Order accordingly.

IT IS SO ORDERED.

---

**1.** *See,* 11 U.S.C. § 101(30).

**2.** Bkr-L Ed, Code Commentary and Analysis, § 11:27, at page 25.