In the Matter of Angel Luis **RESTO DEL VALLE**, Debtor.

**PR EN LA MANO/LA GRAN ENCICLOPEDIA, Plaintiff/Movant,**

v.

Angel Luis **RESTO DEL VALLE, Defendant/Respondent.**

**Bankruptcy No. B–85–01744(ESL).**

United States Bankruptcy Court, Puerto Rico.

Jan. 14, 1987.

Lyssette A. Morales Vidal, Caguas, P.R., for defendant/respondent.

Maximiliano Trujillo, Bayamón, P.R., for plaintiff/movant.

OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On December 3, 1985 the debtor herein filed a petition under Chapter 13, Title 11, United States Code, hereinafter referred to as "U.S.C.". Debtor included in the petition creditor Puerto Rico en la Mano/La Gran Enciclopedia de P.R., Inc., hereinafter referred to as "creditor Enciclopedia", as an unsecured creditor.

On April 9, 1986 creditor Enciclopedia filed a Motion to Lift the Stay Under 11 U.S.C. § 362(d), Index "E", alleging that it is a secured creditor because it has a judicial lien, based on an attachment under 30 L.P.R.A. § 2406 and 31 L.P.R.A. § 5193 in a collection action filed before the state court (Civil case number 84–1694, Superior Court of Puerto Rico, Caguas Part).

On October 6, 1986 a pretrial hearing was held on the motion under § 362(d). The hearing on the merits was scheduled for December 1, 1986, but the parties failed to appear before the court. On December 11, 1986 an Order was entered by the undersigned denying without prejudice the motion to lift stay filed by creditor Enciclopedia. On December 18, 1986 debtor filed a Motion to Reconsider/To Set Aside Order Dismissing Motion to Lift Stay, requesting the Court to entertain the counterclaim filed against creditor Enciclopedia.

After a review of the file, we found that according to the documents submitted by creditor Enciclopedia with its motion, the state court has not entered a judgment as of this date. Under § 362(a)(1), 11 U.S.C., it is unlikely that a judgment could be obtained by creditor Enciclopedia after debtor's filing of the bankruptcy petition, since said state action is presently stayed. *See, In Re Savidge*, 57 B.R. 389 (D.Del. 1986).

Nevertheless, the basic question remains, whether or not there is a judicial lien, and consequently, whether the claim of creditor Enciclopedia is a secured claim.

A judicial lien has been defined as:

"[A] lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." [1]

"The definition of 'judicial lien' has been interpreted to include liens created by 'voluntary' judicial process, as well as by 'involuntary' judicial process, such as by filing of a promissory note and the subsequent confession of judgment on the note." [2]

The courts have held that:

"A lien, created by a domestic attachment is conditional upon the subsequent recovery of a judgment. If judgment cannot be obtained, then the conditional lien is dissolved." *In Re Savidge, supra* at page 391.

*See* also, *In Re Natale*, 5 B.R. 454 (1980, BC ED Pa.).

A secured creditor is a creditor holding a valid and perfected lien on collateral or property of the estate. *See*, 11 U.S.C. § 506.

Creditor Enciclopedia does not have a perfected judicial lien against debtor's estate since a judgment in state court has not been obtained. Consequently, creditor's claim cannot be allowed a secured status.

FURTHERMORE, since creditor Enciclopedia is not a secured creditor, it does not hold a security against debtor's estate, and, therefore, there is no need to determine whether creditor's claim is impaired by the exemptions provided by 11 U.S.C. § 522.

For the reasons stated above, the claim of creditor Enciclopedia shall be allowed as an unsecured claim.

Parties and trustee are to be notified of this Order accordingly.

IT IS SO ORDERED.

---

1. *See,* 11 U.S.C. § 101(30).

2. Bkr—L Ed., Code Commentary and Analysis, § 11:27, at page 25.