No. 96-342

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

BRIAN MOTOR COMPANY,

        Plaintiff and Appellant,

v.

GERALD TURK and JUDY TURK,

        Defendants and Respondents.

**FILED**

AUG 12 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Regan Whitworth; Balyeat Law Offices, Missoula, Montana

    For Respondents:

        Hugh G. Kidder, Attorney at Law, Missoula, Montana

Submitted on Briefs: July 23, 1997

Decided: August 12, 1997

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Brian Motor Company (Brian) appeals from the order of the Fourth Judicial District Court, Missoula County, concluding that a renewal of judgment is void *ab initio*. We reverse.

In 1986, Brian obtained a default judgment against Gerald Turk (Turk) on its complaint alleging an unpaid debt. It subsequently obtained an execution writ which authorized the Missoula County Sheriff to satisfy the judgment out of Turk's personal property or, if sufficient personal property could not be found, out of his real property in that county. The judgment was not satisfied. In 1992, Brian petitioned to renew the 1986 judgment and the District Court renewed the judgment.

Turk subsequently filed a Chapter 7 bankruptcy petition; Brian was listed as a judgment creditor holding a secured claim against Turk. On September 8, 1993, the Bankruptcy Court entered its order releasing Turk from all dischargeable debts and further ordering that any existing or future judgment regarding debts dischargeable under 11 U.S.C. § 523 "is null and void as a determination of the personal liability of the debtor. . . ."

2

In 1996, Turk filed a motion in the District Court to vacate and cancel Brian's renewed judgment on the basis that he had been released from his dischargeable debts, including the debt owed to Brian, by the Bankruptcy Court. Brian responded, contending that the discharge avoided only Turk's personal liability on the debt reduced to judgment. The District Court granted Turk's motion to vacate and cancel Brian's judgment, concluding that a discharge in bankruptcy voids all judgments pertaining to discharged debts and, as a result, that the 1992 renewal of judgment was void *ab initio*. We review a district court's conclusion of law to determination whether the interpretation of the law is correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citation omitted).

As noted above, the Bankruptcy Court's order stated that existing judgments with respect to dischargeable debts were null and void as "a determination of the personal liability of the debtor. . . ." Moreover, our case law both reiterates this elementary principle of bankruptcy law and clarifies that "[o]nly personal liability is discharged; liens not avoided by the bankruptcy code may be enforced notwithstanding discharge of the debtor." Reichert v. Koch (1983), 202 Mont.167, 171, 655 P.2d 993, 995 (citation omitted). We have neither overruled nor limited Reichert, and Turk did not file a response brief in this case citing to any authorities which would cast doubt on Reichert's continued viability or its applicability in this case.

Here, Brian had a secured judgment lien against Turk's property, rather than a mere claimed indebtedness against Turk personally. Thus, while Turk's personal liability for the underlying debt may well have been discharged in bankruptcy, the judgment lien was not discharged. We hold that the District Court's conclusion that Brian's renewed judgment was void *ab initio* is overbroad and erroneous.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4

August 12, 1997

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

REGAN WHITWORTH
BALYEAT LAW OFFICES
704 WEST SUSSEX
MISSOULA MT  59801

HUGH G. KIDDER, ESQ.
ATTORNEY AT LAW
144 WEST FRONT STREET
MISSOULA MT  59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy